**Iveth Emperatriz GOMEZ–HERNANDEZ, aka Iveth Gomez Hernandez, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75659.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008.*

Filed July 9, 2008.

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel Department of Homeland Securi-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**402**

ty, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Iveth Emperatriz Gomez–Hernandez, native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252.

Where, as here, the BIA reviews the IJ's decision *de novo,* our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We review due process claims *de novo,* reversing only if the proceedings were so fundamentally unfair that the alien was prevented from reasonably presenting her case. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

In her opening brief, Gomez–Hernandez fails to address, and therefore has waived, any challenge to the agency's determination that she is ineligible for relief on the merits of her asylum, withholding, and

CAT claims. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

The court does not have jurisdiction to review Gomez–Hernandez's due process challenge based on the IJ's alleged failure to forward her application to the Department of State, because she did not exhaust the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir. 2004).

Finally, even if the IJ erred by failing to discuss the State Department's country report on El Salvador, the BIA's discussion of the country report cured any error. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995) (any error caused by the IJ's refusal to consider the petitioner's exhibits was cured by the BIA's subsequent consideration of that evidence). Accordingly, Gomez–Hernandez did not show the agency prevented her from reasonably presenting her case. *See id.*

Gomez–Hernandez's counsel is cautioned that her opening brief does not meet this court's standards. *See generally* Fed. R.App. P. 28; 9th Cir. R. 28–2.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.